# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Wise, :
               Petitioner :
                      :
     v. : No. 249 C.D. 2022
                      : Submitted: December 30, 2022
Pennsylvania Parole Board, :
               Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED: March 9, 2023

Wesley Wise (Wise), an inmate at the State Correctional Institution (SCI) at Frackville, petitions for review from an order of the Pennsylvania Parole Board (Parole Board), which determined Wise's parole revocation hearing was timely. In addition, Wise's appointed counsel, Kent D. Watkins, Esquire (Counsel) filed an application to withdraw as counsel, asserting that Wise's appeal is frivolous and without merit. After review, we grant Counsel's application to withdraw and affirm the Parole Board's decision.

In 1997, the Philadelphia County Court of Common Pleas (Philadelphia County) sentenced Wise to serve 15 to 30 years in an SCI for convictions of murder and aggravated assault. Certified Record (C.R.) at 1. Wise's controlling minimum sentence date was June 14, 2011, and his maximum sentence date was June 14, 2026.

*Id*. The Parole Board released Wise on parole to a specialized community corrections center on May 5, 2014. *Id*. at 12.

On March 26, 2019, the Philadelphia Police arrested Wise and charged him with arson, criminal mischief, recklessly endangering another person, and other related offenses. *Id*. at 24. The Municipal Court of Philadelphia County set monetary bail at $75,000, which Wise did not post. *Id*. at 82. The Parole Board lodged a detainer against Wise pending disposition of those charges, and he was confined in the Philadelphia County Prison. *Id*. at 22-23.

On January 13, 2020, Philadelphia County found Wise guilty of arson and criminal mischief. *Id*. at 89. Philadelphia County delayed Wise's sentencing, presumably due to the then-recent onset of the COVID-19 pandemic. *Id*. at 49. In August 2020, Wise requested a panel parole revocation hearing. *Id*. at 61. On February 11, 2021, Philadelphia County sentenced Wise to serve 5 to 12 years in state prison. *Id*. at 86. On February 22, 2021, Wise filed a post-sentence motion, which Philadelphia County denied on May 4, 2021. *Id*. at 90. Wise remained confined in the Philadelphia County Prison until May 20, 2021, when he returned to the Department of Corrections' custody at SCI-Phoenix. *Id*. at 80. On July 28, 2021, Wise signed a request for a panel parole revocation hearing. *Id*. at 47.

On August 2, 2021, the Parole Board held Wise's parole revocation hearing.[1] C.R. at 56-69. At the hearing, Wise admitted that he was convicted of arson and criminal mischief in Philadelphia County, but he objected to the timeliness of the revocation hearing. *Id*. at 61. In a decision recorded on October 4, 2021, the Parole

---

[1] The Criminal Arrest and Disposition Report indicates that revocation hearings were not being held at the county prisons during this time, presumably due to the COVID-19 pandemic restrictions, so the Parole Board delayed scheduling Wise's revocation hearing until Wise returned to an SCI. C.R. at 49.

Board recommitted Wise to an SCI as a convicted parole violator to serve 27 months of backtime for his Philadelphia County convictions. *Id*. at 96.

Wise administratively appealed the Parole Board's decision, challenging the timeliness of his parole revocation hearing. *Id*. at 98. On March 4, 2022, the Parole Board mailed its final decision denying Wise's administrative appeal. *Id*. at 102-03. In its decision, the Parole Board explained that Wise's revocation hearing was timely because Wise requested a panel revocation hearing in August 2020 while he was still in Philadelphia County Prison. *Id*. Thus, according to the Parole Board's Regulations, Wise was being held outside the jurisdiction of the Department of Corrections and the Parole Board had 120 days after the official verification of Wise's return to the SCI-Phoenix to hold his panel revocation hearing. *Id*. (citing 37 Pa. Code § 71.4(1)). Because Wise returned to an SCI on May 20, 2021, and his hearing was held 74 days later on August 2, 2021, the Parole Board determined that Wise's parole revocation hearing was timely. *Id*.

Wise filed a Petition for Review (Petition) with this Court. In his Petition, Wise asserts the Parole Board failed to hold his parole revocation hearing in a timely manner. Petition ¶ 5. Counsel filed an application to withdraw as counsel and a *Turner* letter[2] asserting Wise's Petition is without merit.

Before we address the validity of Wise's substantive argument, we must first address Counsel's *Turner* letter and application to withdraw. Counsel will be permitted to withdraw if this Court concurs with counsel's determination that the

---

[2] We use the term "*Turner* letter" to refer to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), which sets forth the "appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." In a parole violation matter where there is no constitutional right to counsel involved, a *Turner* letter is filed by an attorney requesting leave of court to withdraw representation if the attorney determines the violator's case lacks merit. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

3

petitioner's issues raised on appeal are meritless. *Com. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988). To properly withdraw, counsel is required to submit a *Turner* letter "detailing the nature and extent of his review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Id*. at 928. After counsel satisfies *Turner's* requirements, we then conduct an independent review of the issues raised. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). If we concur in counsel's assessment, we will grant the requested leave to withdraw. *Id*.

Here, Counsel's *Turner* letter satisfies *Turner's* technical requirements. It contains a recitation of the relevant factual and procedural history and notes that after Counsel's "examination of the certified record, and research of applicable case law, [Counsel] concluded that [Wise's] appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous." *Turner* Letter at 4-5. Counsel outlines the sole issue raised by Wise and concludes that Wise's appeal has no merit. *Id*. at 4. Additionally, Counsel appropriately provided Wise a copy of his *Turner* letter, which contains an explanation of Wise's right to retain substitute counsel or to "raise any points which he may deem worthy of merit in a pro se brief" with this Court. *Id*. at 5. Because Counsel satisfied Turner's procedural requirements for withdrawal, we now review the merits of Wise's Petition.

In reviewing a Parole Board decision, we are limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. *Gibson v. Pa. Bd. of Prob. & Parole*, 3 A.3d 754, 755 n.1 (Pa. Cmwlth. 2010) (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704).

4

On appeal, Wise asserts the Parole Board "failed to hold [Wise's parole revocation] hearing in a timely manner as set forth in the Pennsylvania Code." Petition ¶ 5. Under the Board's Regulations, a parole revocation hearing "shall be held within 120 days from the date the [Parole Board] received official verification of the [parolee's] plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level[.]" 37 Pa. Code § 71.4(1). However, if

> a parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a county correctional institution where the parolee has **not** waived the right to a revocation hearing by a panel . . . the revocation hearing shall be held within 120 days of the official verification of **the return of the parolee to a State correctional facility**.

37 Pa. Code § 71.4(1)(i) (emphasis added). In contrast, a parolee "who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel . . . shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver." 37 Pa. Code § 71.4(1)(ii). Thus, for parolees facing a revocation hearing based on a new criminal conviction, "the period of time that [the parolee] is confined to a Pennsylvania county prison does not count towards the 120 days that the Parole Board has to provide the offender with a revocation hearing" if the parolee requests a panel hearing. *Koehler v. Pa. Bd. of Prob. & Parole*, 935 A.2d 44, 50 (Pa. Cmwlth. 2007) (citing *Copeland v. Pa. Bd. of Prob. & Parole*, 771 A.2d 86, 88 n.9 (Pa. Cmwlth. 2001)).

Here, Wise requested a panel hearing and was confined in the Philadelphia County Prison from March 26, 2019, the date he was arrested on the arson charges, until he returned to the Department of Corrections' custody at SCI-Phoenix on May 20, 2021. Therefore, Wise was outside the Parole Board's jurisdiction during that time. *See* 37 Pa. Code § 71.4(1)(i). Wise returned to SCI-Phoenix, and therefore,

5

the jurisdiction of the Department of Corrections, on May 20, 2021. Because Wise requested a panel hearing, the Parole Board had 120 days from May 20, 2021, to hold Wise's panel revocation hearing. The Parole Board held Wise's revocation hearing on August 2, 2021. This was only 74 days after his return to the jurisdiction of the Department of Corrections, which was within the 120 days required by the Parole Board's Regulations. Therefore, the Parole Board timely held Wise's revocation hearing.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner*, and our independent review of the record confirms that Wise's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw as counsel and affirm the Parole Board's order.

_____<br>
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Wise,                          :
                    Petitioner        :
                                      :
        v.                            :   No.  249 C.D. 2022
                                      :
Pennsylvania Parole Board,            :
                    Respondent        :

## **O R D E R**

**AND NOW**, this 9th day of March 2023, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED**, and the decision of the Pennsylvania Parole Board, mailed March 4, 2022, is **AFFIRMED**.

                                    _____
                                    STACY WALLACE, Judge