574 A.2d 558

**Pernell SMITH, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE.**

Supreme Court of Pennsylvania.

Argued Sept. 26, 1989.

Decided April 25, 1990.

502

Vincent J. Quinn, Asst. Public Defender, for appellant.

Timothy P. Wile, Asst. Chief Counsel and Robert A. Greevy, Chief Counsel, Harrisburg, for Pennsylvania Bd. of Probation and Parole, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

This appeal, one of six such appeals consolidated for our review, asks that we consider the propriety of an order of the Commonwealth Court assessing attorney's fees and costs against appointed counsel for prosecuting what the court determined to be a frivolous appeal. For the following reasons, we uphold the authority of the Commonwealth Court to issue such an order. Therefore, we affirm the order in the instant case. The following facts are pertinent to the instant inquiry.

On January 25, 1985, appellant Pernell Smith was convicted of robbery and sentenced to a term of imprisonment of not less than eight months nor more than four years, eleven months. He was paroled on October 3, 1986, subject to the special condition that he maintain employment once obtained. Subsequently, the Board of Probation and Parole

("Board") discovered that he had failed to report to work, and appellant was arrested for a technical violation of the special condition of his probation. Appellant waived his right to counsel and to a full Board hearing and admitted to the technical violation. His arguments that he wanted a better paying job were rejected, and appellant was recommitted to serve ten months' back time, a term within the presumptive range [1] of three to eleven months. After receiving notice of his recommitment, appellant requested and was appointed counsel from the Lancaster County Public Defender's Office. He filed a Petition for Administrative Relief, which was denied. He then filed a Petition for Review with the Commonwealth Court. The court determined appellant's appeal to be frivolous because the court had repeatedly held that it would not review the discretionary recommitment when the recommitment period is within the presumptive range. On that basis, the Commonwealth Court granted the Board's petition for attorney's fees pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure 117 Pa.Cmwlth. 220, 543 A.2d 221. Pa.R.A.P. 2744. The instant appeal is taken from that order.

Appellant raises two issues for our review. His initial contention is that the Commonwealth Court's order assessing attorney's fees against him and his court-appointed counsel, jointly and severally, is a violation of his constitutional right to appeal. Secondly, appellant contends that there is no material difference between offering an advocate's brief setting forth the arguments advanced by the client and the procedures prescribed by the United States Supreme Court in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), where counsel acknowledges that the client's claims are devoid of merit.

These contentions reflect a fundamental misconception of our judicial process. The tribunal of original jurisdiction possesses the authority to assess the facts, reconcile conflicts of facts, and impose appropriate sanctions provided by

---

1. The term "presumptive range" will be explained and discussed in the body of this opinion.

law. The reviewing court merely assesses the actions of the inferior tribunal to determine whether that body committed errors of law or abused its discretion in imposing its mandate. The power to impose the sanction is vested in the tribunal of original jurisdiction and it will not be disturbed by a reviewing body unless there is a demonstration that the original forum failed to follow existing law or abused its discretion. In this instance, the tribunal of original jurisdiction was the Board of Probation and Parole. The Board acted in this matter pursuant to 37 Pa.Code § 75.3.[2] This provision provides that recommitment can be ordered by the Board where there has been a finding of substantial evidence that a parole violation has occurred. As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment. *Congo v. Pennsylvania Board of Probation and Parole*, 104 Pa.Commw. 511, 522 A.2d 676 (1987); *Wagner v. Pennsylvania Board of Probation and Parole*, 92 Pa.Commw. 132, 498 A.2d 1007 (1985); *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa.Commw. 49, 484 A.2d 413 (1984).

2    § 75.3. Application of presumptive ranges to technical parole violators.
(a) Presumptive ranges of parole backtime to be served shall be utilized if a parolee violates a general or special condition of parole, and the Board orders recommitment as a technical violator after the appropriate violation hearing.
(b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.
(c) The Board may deviate from the presumptive range or determine that recommitment should not occur provided sufficient written justification is given.
(d) The presumptive ranges are intended to directly relate to the severity of the technical violation, both singly and in combination.
(e) When multiple violations occur, the presumptive range will be used which has the highest backtime range of those conditions violated.
(f) Backtime for a violation of a special condition shall be aggregated with other backtime, unless the revocation decision states otherwise.

As reflected in section 75.3(b), the presumptive ranges of parole backtime set forth in the Code "are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the ... decision." As long as the recommittal is within the presumptive range, the Board's judgment in assessing mitigating and aggravating factors is precluded from further review. The heart of the instant complaint is that the preclusion of review of the Board's assessment of mitigating and aggravating factors within the presumptive range violates the right of appeal.

Appellant's contention fails to acknowledge the fact that the standard of review of recommitment orders by the Parole Board has been established by the legislature. The Parole Board is an independent administrative agency established by the legislature as part of an exclusive system for the administration of parole in Pennsylvania. *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 583, 28 A.2d 897, 898 (1942); 61 P.S. § 331.1 *et seq.*[3] The Board is governed by the Administrative Law and Procedure Act, 2 Pa.C.S. § 101 *et seq.*, which provides authority for the Board to promulgate rules and regulations to effectuate its purposes. 2 Pa.C.S. § 102; *see also*, 61 P.S. §§ 331.1, 331.2. The Administrative Law and Procedure Act also provides the means of judicial review of actions taken by the Board. 2 Pa.C.S. § 704. The Act provides, in pertinent part:

§ 704. Disposition of appeal

The court shall hear the appeal.... After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the [rules relating to agency practice and procedure] have

**3.** Act of August 6, 1941, P.L. 861, § 1, *as amended,* December 27, 1965, P.L. 1230, § 2; October 9, 1986, P.L. 1424, No. 134.

The legislature has provided, in pertinent part, that "[t]he board shall have *exclusive power* to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced in any court...." 61 P.S. § 331.17 (emphasis added).

been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence....

Thus, once the Board has acted pursuant to its regulations, the Commonwealth Court's duty is to review the action to see if the basis for it is established by substantial evidence.

Here the Board's action was the recommitment of appellant to prison after a determination that he was a technical parole violator. This determination was based upon a finding that he had violated Special Condition No. 6 of his parole, maintaining employment once secured. Appellant does not challenge the Board's action as being a violation of his constitutional rights or the law, nor does he dispute that he failed to maintain employment. Rather, his allegations are premised upon the belief that the Board did not give adequate consideration to the evidence he presented as a mitigating circumstance. We affirm that this aspect of the recommitment order is not appealable. *See Chapman v. Pennsylvania Board of Probation and Parole, supra.* The Board is accorded broad discretion in the assessment of aggravating and mitigating circumstances, much like the trial court is accorded discretion in its exercise of sentencing power. *See Commonwealth v. Jones,* 523 Pa. 138, 565 A.2d 732 (1989). To restrict the Board's discretion in this limited area would be to open the floodgates of litigation to the many parole violators who would challenge an action of the Board which is already narrowed by the Board's own regulations. This we decline to do. Absent some special circumstances which would justify a reconsideration of our determination that this delegation is constitutional, *see Commonwealth ex rel. Banks v. Cain, supra,* the Board's exercise of its discretion, within the reasonable parameters reflected by the establishment of the presumptive range, must be upheld.

Generally, an appeal which is determined to lack any basis in law or fact is considered to be frivolous. *McCoy v. Court of Appeals,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d

440 (1988). An appeal is not frivolous merely because it lacks merit. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974). In focusing upon this concept of frivolity which the Supreme Court relied upon in *Anders* to justify the withdrawal of counsel, this Court made the following pertinent observation in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, 1187 (1981):

> [I]t is apparent that the right to withdraw is in the first instance tied to a finding, after a conscientious review of the record, that the appeal is "wholly frivolous." This Court has also noted "that lack of merit in an appeal is not the legal equivalent of frivolity." (Citation omitted.)
>
> *Anders* 'appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.' (Citation omitted.)

The United States Supreme Court further noted in *McCoy, supra,* that:

> [T]he terms "wholly frivolous" and "without merit" are often used interchangeably in the Anders brief context. Whatever term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact.

486 U.S. at 438–39 n. 10, 108 S.Ct. at 1902 n. 10, 100 L.Ed.2d at 453 n. 10.

■ The concept of frivolity should not be construed as disfavoring legitimate attempts to change existing law. Even where long-standing case law on a particular point is contrary to an appellant's point of view, there may be a reasonable basis for arguing for the re-evaluation of that law. *See, e.g., Commonwealth v. Duff,* 414 Pa. 471, 200 A.2d 773 (1964). In this context a distinction must be made as to situations where the repetitive appeal is being sought to perpetuate a concededly discredited position.

■ Here, appellant insists that his appeal to the ·Commonwealth Court was not frivolous because this Court has never considered the merits of the issue raised herein. Certainly, where an issue has not been addressed in this Court, its introduction in a lower court for the purpose of bringing it before this Court is not necessarily frivolous, even though the lower tribunal may have established a firm policy to the contrary. *City of Philadelphia v. Gould,* 497 Pa. 599, 442 A.2d 1104 (1982). However, where such an approach is followed, it must be supported by a reasonable belief that this Court will be persuaded to change that existing policy. In view of the statutory and policy reasons for the Commonwealth Court's standard of review in this area, appellant's counsel could not legitimately argue that he held such a belief.

■ Turning now to the question of attorney's fees, we reject appellant's contention that the assessment of attorney's fees in this case was violation of his constitutional right to appeal and his right to appointed counsel to assist in that appeal. Appellant argues that, if he had followed the position prescribed under *Anders v. California, supra,* there would be no material difference from offering an advocate's brief setting forth the issues urged by the client. However, this argument fails to recognize the significant distinction between counsel's urging a position to a court and counsel's candid statement to the court of his assessment of the lack of merit in claims raised by the client. An argument presented to an appellate court is presumed by the court to be advocated by counsel, and in counsel's judgment to possess merit. In the *Anders* situation counsel forth-rightly advises the tribunal of his or her assessment of the claim or claims being advanced by his clients.

■ The authority to assess attorney's fees and costs for the filing of a frivolous appeal is found in Rule 2744 of the Pennsylvania Rules of Appellate Procedure. The Rule states:

## RULE 2744. FURTHER COSTS. COUNSEL FEES. DAMAGES FOR DELAY

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay....,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

This Court has affirmed the power of an appellate court to award attorney's fees pursuant to this Rule in a civil action, *see Gossman v. Lower Chanceford Township Board of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983), but we have never addressed a court's power to impose such a sanction where, as here, appellate counsel is required by constitutional mandate to represent the client. The conflict that arises between this constitutional right and the interest in preventing abuse of the appellate process was contemplated by this Court in the promulgation of Rule 2744, the comment to which states, in relevant portion:

[S]ome concern was expressed that the rule should contain an exception for criminal cases in which the defendant may have a constitutional right to appeal, whether frivolous or not. It is felt that such right will be taken into consideration, when appropriate, and that such a blanket exception should not be written into the rule.

We now hold that despite the constitutional right to counsel in an appeal from a criminal conviction, costs and attorney's fees may be assessed against court-appointed appellate counsel for the filing of a frivolous appeal.

Both the federal and state constitutions guarantee an indigent the right to have counsel appointed for the purpose of appealing a criminal conviction. *McCoy v. Court of Appeals, supra; Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981).

This right guarantees the opportunity to assert a legitimate basis for challenging the ruling of a lower court. *See McCoy, supra.* The right does not justify the assertion of patently frivolous claims, or give counsel license to engage in dilatory, obdurate, or vexatious conduct. As stated in *McCoy, supra:*

> A *lawyer,* after all, *has* no duty, *indeed no right, to pester a court with frivolous arguments,* which is to say arguments that cannot conceivably persuade the court, so if he believes in good faith that there are no other arguments that he can make on his client's behalf he is honorbound [sic] to so advise the court and seek leave to withdraw as counsel. *United States v. Edwards,* 777 F.2d 364, 365 (7th Cir.1985).

486 U.S. at 436, 108 S.Ct. at 1901, 100 L.Ed.2d at 452. An appropriate sense of fairness has fostered the view that one should not be deprived of the full exercise of constitutional rights merely because of an impecunious situation. Yet this concern does not require that a special standard of behavior be designed for those who may be subject to an unfortunate financial situation. Criminal law is designed to protect all citizens and special exemptions cannot be made .in the determination of guilt of alleged criminal behavior. This Court has concluded that the proper procedure, once counsel has determined that no basis exists for the assertion of a legitimate claim has been set forth in *Anders v. California, supra:*

> Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court [by filing a brief rather than a no-merit letter]. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time

allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. (Footnote omitted.)

*Id.* 386 U.S. at 744, 87 S.Ct. at 1400. *See Commonwealth v. McClendon, supra; Commonwealth v. Greer, supra.*

The Board correctly highlights the distinction between offering an argument presented with an acknowledgement of its frivolousness and the same argument endorsed by counsel as being worthy of review. By filing an *Anders* brief, a lawyer does not advocate arguments he believes are "wholly frivolous"; rather, he presents them for the court's confirmation of his belief. Counsel serves the interests of both the client and the court by diligently investigating the possible grounds for appeal and advising the court of his decision that no legitimate grounds exist. *McCoy, supra,* at 436, 108 S.Ct. at 1901, 100 L.Ed.2d at 452; *Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958). Pursuing a concededly frivolous argument engages the attorney in conduct which is deliberately designed to mislead the tribunal. *Polk County v. Dodson,* 454 U.S. 312, 323, 102 S.Ct. 445, 452, 70 L.Ed.2d 509 (1981).

Accordingly, the order of the Commonwealth Court is affirmed.

LARSEN, J., files a dissenting opinion.

ZAPPALA, J., files a dissenting opinion in which LARSEN, J., joins.

LARSEN, Justice, dissenting.

I join in Mr. Justice Zappala's Dissenting Opinion. As an additional reason for dissenting, I would hold that an issue can never be deemed frivolous until the highest court has reviewed that issue.

ZAPPALA, Justice, dissenting.

I must dissent from the majority's affirmance of the order of the Commonwealth Court assessing attorney's fees and costs against court appointed counsel in these cases. The majority holds that despite the constitutional right to counsel in an appeal from a parole revocation, such an assessment may be made against court appointed appellate counsel for the filing of a frivolous appeal. I would not impose costs and fees against court appointed counsel for the filing of an appeal, even if it is found to be frivolous, because it is counsel's function to represent the defendant for the purposes of pursuing the appeal and it is done at the direction of the court.

The majority appears to acknowledge the distinction between court appointed counsel's obligation to assist his client in his role as an advocate and counsel's responsibility to inform the court of the frivolous nature of the appeal after he has made such a determination. Its statement of the holding in the case disregards this distinction, however, and is subject to an interpretation that court appointed appellate counsel may be assessed attorney's fees and costs merely on the basis that an appeal has been filed in a case later determined to be frivolous. While I agree with the majority that counsel should advise the court of those instances in which his conscientious examination of his client's case discloses that the case is wholly frivolous, I do not agree that the filing of the appeal itself is a basis for the imposition of costs and fees. Counsel should not be penalized for his role in assisting his client's pursuit of constitutional rights.

There is merit to the Appellant's argument that there is no material difference between offering an advocate's brief

setting forth the arguments advanced by the client and the procedure prescribed by the United States Supreme Court in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The majority perceives this argument as reflecting a fundamental misconception of our judicial process, but I perceive it as a practical reflection. No less effort is required of counsel in preparing an *Anders* brief than in preparing a brief in support of his client's position. The majority is intent then on penalizing counsel for failing to disclaim the validity of his client's position.

I do not see what is to be gained by penalizing counsel for what he is directed by the court to do—pursue the appeal. The appeal itself is not abandoned by counsel or his client even when an *Anders* brief is filed, but Rule 2744 was clearly intended to penalize the *filing* of a frivolous appeal and not counsel's failure to disclaim the merit of his client's position. The impact of Rule 2744 is in the disincentive to file a frivolous appeal, not to invite counsel's statement of its relative merits. Penalizing appellate counsel in cases in which the appeals will nevertheless be taken does nothing to accomplish the purpose of the rule.

It is for this reason that the Commentary to Rule 2744 expressed a concern over whether an exception should be drafted for criminal cases in which the defendant has a constitutional right to appeal. Rule 2744 does not contain that exception because it was believed that right would be taken into consideration. The majority has failed to do so and its oversight is the flaw in its analysis. Even if I were to agree that the imposition of costs and attorney's fees could be appropriate in such cases, I would make the ruling prospective only to cases arising after the opinion was filed.

LARSEN, J., joins in this dissenting opinion.