583 A.2d 14

**Barry THOMPSON, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 1990.

Decided Nov. 28, 1990.

308

Kent D. Watkins, Saint Clair,. for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Barry Thompson (petitioner) has appealed a decision of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. We affirm.

On April 8, 1985, petitioner was released on parole, from concurrent sentences of two and a half to five years for possession of an instrument of crime and of four to ten years for conspiracy and robbery. On January 20, 1989, petitioner was arrested on two counts of receiving stolen property and two counts of criminal conspiracy and failed to post bond. On January 24, 1989, the Board issued a warrant to commit and detain for violation of parole. Subsequently, on October 26, 1989, following his conviction on the new charges petitioner was sentenced to a term of two to six years.

A revocation hearing was held on February 8, 1990, following which the Board determined that petitioner should be recommitted for an additional eight months as a convicted parole violator. Petitioner's pre-recommittal incarcera-

tion was credited against his new sentence, while the eight months backtime was calculated to begin as of the date of the Board hearing on February 8, 1990.

 Petitioner argues that he should be given credit toward his original sentence from the date of sentencing on October 26, 1989, not from the date of the Board's revocation decision on February 8, 1990. In the alternative, petitioner argues that backtime should be deemed to commence on November 20, 1989, the date he was transferred to a State Correctional Institution. Case law is well settled that the Board is required to use the actual date of its revocation decision as the date when a convicted parole violator is to resume service of his original sentence. *Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa.Commonwealth Ct. 454, 409 A.2d 980 (1980). We will not disturb this established precedent.

 Although petitioner filed a pro se Petition for Review, his Court appointed counsel filed a brief in support of the petition. The Board argues that this appeal is frivolous and that costs, including counsel fees, should be levied against petitioner.

According to Pa.R.A.P. 2744, an appellate court may award reasonable counsel fees if it is determined that an appeal is frivolous or taken solely for delay purposes. A lawyer has no duty, in fact no right, to bother a court with frivolous arguments. *Smith v. Pennsylvania Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990) (*citing McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)). The *Smith* court, again citing *McCoy*, discusses the terms wholly frivolous and without merit, recognizing their interchangeable use in *Anders*[1] briefs. However, the *Smith* court noted that an appeal lacking merit is not the legal equivalent of an appeal that is frivolous. *Smith (citing Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)). In cases that center on *Anders* issues, the distinc-

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

tion between these two terms is paramount. Frivolity supports the granting of a request by counsel to withdraw, lack of merit does not. *Smith.* Furthermore,

[t]he concept of frivolity should not be construed as disfavoring legitimate attempts to change existing law. Even where longstanding case law on a particular point is contrary to an appellant's point of view, there may be a reasonable basis for arguing for the re-evaluation of that law.

*Smith,* 524 Pa. at 507, 574 A.2d at 562. Although we do not find petitioner's argument persuasive, we are not prepared to sanction him. Acknowledging the *Smith* court's distinction concerning terminology, we conclude the appeal is without merit but not wholly frivolous. Therefore, although we affirm the decision of the Board, we will not assess counsel fees.

### ORDER

AND NOW, this 28th day of November, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed. Counsel fees are denied.