# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Allen Wilson, :  
           Petitioner :  
  : No. 2049 C.D. 2015
         v. :  
  : Submitted: May 27, 2016
Pennsylvania Board of :  
Probation and Parole, :  
          Respondent :  

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: January 13, 2017

Presently before this court is the application of Linda S. Hollinger, Esquire (Counsel) of the Cumberland County Public Defender's Office for leave to withdraw as counsel on behalf of Michael Allen Wilson (Wilson). Counsel seeks leave to withdraw on the grounds that Wilson's petition for review is without merit.

On August 19, 2011, Wilson was arrested and charged with aggravated assault with serious bodily injury and firearm not to be carried without a license. On March 14, 2012, Wilson was sentenced to a term of incarceration of 2 to 4 years on the firearm charge, and a concurrent sentence of 1 to 2 years on the aggravated assault charge. Wilson's minimum sentence date was August 19, 2013, and his

original maximum sentence date was August 19, 2015. (Supplemental Reproduced Record (S.R.R.) at 1-3.)

On April 17, 2014, Wilson was released on parole. The conditions governing his parole, which Wilson acknowledged with his signature on that date, specifically advised him that if he was convicted of a crime while on parole, the Board had the authority to recommit him to serve the balance of his sentence, with no credit for time spent at liberty on parole. (S.R.R. at 6-13.)

On September 30, 2014, Wilson was arrested by the York City Police Department for the offense of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance. On April 14, 2015, Wilson pled guilty to the charge and was sentenced to 11 and a half to 23 months in the York County Prison. (S.R.R. 14-25.)

On April 22, 2015, Wilson waived his right to counsel and a revocation hearing and admitted to the new conviction. By decision mailed July 10, 2015, the Board recommitted Wilson as a convicted parole violator (CPV) to serve his unexpired term, when available, pending completion of his York County sentence. (S.R.R. at 26-37.)

On August 10, 2015, Wilson filed an administrative appeal, arguing that a single violation of his parole should not have resulted in him being committed for the balance of his unexpired term. (S.R.R. at 38-40.)

By letter mailed September 14, 2015, the Board denied Wilson's petition. The Board explained that, pursuant to 37 Pa. Code § 73.1(a), an appeal must "present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." (S.R.R. at 41.) The Board stated that Wilson's appeal did not

2

indicate that "the Board made any specific evidentiary, procedural, or calculation errors in revoking [Wilson's] parole" and dismissed the appeal for failing to present adequate factual and legal considerations. (S.R.R. at 41.) The Board found that Wilson's admission constituted sufficient evidence to recommit him as a CPV. The Board further explained that the presumptive recommitment range for a conviction of Possession with Intent to Deliver is 18-24 months and that, since the recommitment imposed of 1 year, 4 months, and 2 days is less than the standard presumptive recommitment range, it is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

On October 14, 2015, Counsel entered her appearance and filed a petition for review alleging that the Board's denial of Wilson's administrative appeal was erroneous. Counsel argued that the Board incorrectly calculated Wilson's credit and his recommitment period of 1 year, 4 months, and 2 days. On January 12, 2016, after further review in preparation of an appellate brief, Counsel filed an application for leave to withdraw and a no-merit "Turner" letter, detailing the reasons why she determined that Wilson's appeal lacked merit. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). Counsel forwarded copies of this letter to Wilson and the Board.

In order to withdraw, Counsel must satisfy the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760-61 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the parolee of his request to withdraw, furnish the parolee with either a copy of a brief complying with *Anders v. State of California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf.

3

If counsel proceeds under *Turner,* the letter must substantively contain: (1) the nature and extent of counsel's review; (2) the issues the parolee wishes to raise; and (3) counsel's analysis in concluding the parolee's appeal is without merit. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009); *Zerby v. Shannon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). We require counsel to comply with these requirements to ensure that a parolee's claims are considered and that counsel has substantial reasons for concluding the claims are without merit. *Zerby*, 964 A.2d at 962.

In the present case, by letter to this Court dated December 22, 2015, Counsel stated that she reviewed the record, addresses the claims raised by Wilson in his petition for review, and set forth an analysis of the claims and her reasons for concluding that they lacked support in either law or fact. Counsel subsequently filed an application to withdraw on January 12, 2016, and served copies of the application on Wilson and the Board. By order dated January 13, 2016, we advised Petitioner that he may obtain substitute counsel or file a brief on his own behalf and directed Counsel to serve a copy of the order upon Petitioner and file a certificate of service reflecting the same within 14 days. Counsel complied and filed a certificate of service with this Court on January 26, 2016. Thus, Counsel has complied with the procedural requirements of *Craig*.

Turning our attention to the merits, Petitioner reiterates his argument to the Board that he was incorrectly recommitted to serve the remainder of his unexpired term. We disagree. Petitioner pled guilty to a new criminal offense of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance on April 14, 2015. He received credit toward his new sentence for the time he was incarcerated prior to this conviction. Following his guilty plea,

4

the Board provided Petitioner with a notice of charges and hearing. However, Petitioner waived his right to counsel and a revocation hearing and admitted to the new conviction. The Board subsequently recommitted Petitioner as a convicted parole violator to serve the balance of his unexpired term, which totaled 16 months and 2 days. Section 75.2 of the Board's regulations provide for a presumptive recommitment range for Petitioner's new conviction of 18 to 24 months. 37 Pa.Code §75.2.[1] Because the recommitment period imposed by the Board was less than the standard presumptive recommitment range, it is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.")

Accordingly, we grant Counsel's application to withdraw and affirm the Board's order denying administrative relief to Petitioner.

_____
PATRICIA A. McCULLOUGH, Judge

---

[1] Petitioner's new offense constituted a felony subject to a maximum term of incarceration of 10 years under sections 13(a)(30) and 13(f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§780-113(a)(30), (f)(1.1). Section 75.2 of the Board's regulations provide for a presumptive recommitment range of 18 to 24 months for this type of drug law violation.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Allen Wilson, :
        Petitioner :
         : No. 2049 C.D. 2015
        v. :
         :
Pennsylvania Board of :
Probation and Parole, :
        Respondent :

## ***ORDER***

AND NOW, this 13th day of January, 2017, the application for leave to withdraw as counsel filed by Linda S. Hollinger, Esquire, is granted. The order of the Pennsylvania Board of Probation and Parole, dated September 14, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge