IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest Baxter,                            :
                Petitioner       :
                                      :
                v.                :  No. 1059 C.D. 2017
                                        :  Submitted:  January 5, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                Respondent      :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED:  April 16, 2018

        Ernest Baxter petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal.  Baxter's appointed counsel, Richard C. Shiptoski, Esquire (Counsel), has filed an application for leave to withdraw as counsel.  For the reasons that follow, we grant Counsel's request to withdraw and affirm the Board's decision.

        On June 28, 2015, Baxter was released on parole from the State Correctional Institution (SCI) at Pine Grove.  Certified Record at 65 (C.R. __).  At the time of his parole, Baxter had 335 days remaining on his original sentence; his maximum sentence date was May 28, 2016.  C.R. 68.  On November 4, 2015, Baxter was arrested in Upper Darby Township and charged with several drug-related offenses.  C.R. 72-77.  On that same day, the Board issued a warrant to commit and detain Baxter for violating a condition of his parole.  On November 5, 2015, the

Delaware County Court of Common Pleas set bail on the new criminal charges at $75,000.

Baxter waived his right to a detention hearing and admitted to violating his parole by being in Upper Darby Township without prior written permission from parole supervision staff. As a result, on December 23, 2015, the Board recommitted Baxter as a technical parole violator to serve six months for leaving the Philadelphia West Division District without permission. He remained in detention pending disposition of the new criminal charges.

Thereafter, Baxter pled guilty to four counts of felony possession with intent to distribute. He was sentenced to 30 to 60 months confinement followed by three years probation. C.R. 115.[1]

On June 29, 2016, the Board issued an order modifying its December 23, 2015, recommitment order. The new order recommitted Baxter as a technical parole violator to serve six months and as a convicted parole violator to serve, concurrently, his unexpired term on his original charges, a period of 335 days. Baxter's maximum sentence date was recalculated to February 5, 2017.

Baxter filed an administrative appeal, challenging the recalculation of his maximum sentence date, which did not credit him for time spent at liberty on parole. On June 15, 2017, the Board's Chief Counsel, as Administrative Review Designee, affirmed the Board's June 29, 2016, order for the following reasons:

> You were released on parole on June 28, 2015, with a maximum sentence date of May 28, 2016. At that point, 335 days remained on your sentence. You were detained by the Board for 1 day

---

[1] Baxter was detained on the new criminal charges from November 5, 2015, when bail was set, to the date of sentencing, March 8, 2016. Those 124 days were credited to Baxter's sentence on the new charges.

from November 4, 2015 to November 5, 2015. You were detained because of new criminal charges from November 5, 2015 until you were sentenced on March 8, 2016. That period will be credited to your new sentence.

Because you were recommitted as a convicted parole violator, you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa. C.S. §6138(a)(2). Adding 334 (335-1) days to March 8, 2016 results in a parole violation maximum date of February 5, 2017. Accordingly, your challenge to your parole violation maximum date is DENIED and the Board decision [] mailed June 29, 2016 is AFFIRMED as to the parole violation maximum date.

To the extent you claim that the Board abused its discretion by failing to award you credit for time at liberty on parole, please be advised that a decision setting forth the reason will be mailed to you under separate cover. If you disagree with that decision, you may seek administrative relief from that decision.

C.R. 136. In a separate decision issued June 16, 2017, the Board explained that it did not award credit to Baxter for his time spent at liberty on parole because of his "prior history of supervision failures." C.R. 138. Baxter did not seek administrative relief from this second decision.

On August 10, 2017, Baxter, *pro se*, filed a petition for review with this Court.[2] In his petition, Baxter asserts, without any specificity, that the Board's determinations are "in error and in violation of his constitutional rights and the laws of this Honorable Commonwealth Court." Amended Petition for Review ¶15 at 3. On October 30, 2017, Baxter's court-appointed Counsel filed a petition to withdraw

---

[2] Pursuant to this Court's order entered August 10, 2017, Baxter's petition for review is deemed timely filed.

3

from representation and an accompanying *Anders* brief[3] explaining why there is no legal basis for Baxter's appeal.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless, he must:

> [t]hen submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Withdrawing counsel may submit an *Anders* brief instead of a no-merit letter. *Zerby*, 964 A.2d at 960. If the requirements of *Turner* are met, this Court must then consider the merits of the petitioner's claim. *Zerby*, 964 A.2d at 960.

In the instant case, Counsel has filed an *Anders* brief detailing his review of Baxter's criminal record and explaining the basis for his legal conclusion that Baxter's issues for review lack merit. The record establishes that Counsel sent Baxter a copy of the *Anders* brief; a copy of his petition to withdraw; and a letter advising Baxter of his right to obtain new counsel or proceed *pro se*. Because

---

[3] The brief Counsel submitted is commonly referred to as an "*Anders* brief," in reference to the United States Supreme Court's seminal decision in *Anders v. California*, 368 U.S. 738 (1967). *Anders* outlined the steps appointed counsel must take in order to withdraw from representation of a criminal defendant.

Counsel has complied with the requirements of *Turner*, we now consider the merits of Baxter's petition.[4]

As observed, Baxter asserts without any specificity that the Board erred and violated his constitutional rights. In his administrative appeal, Baxter argued that the Board erred in: (1) denying him credit for time spent at liberty on parole; (2) recalculating his judicially imposed maximum sentence date from May 28, 2016, to February 5, 2017; and (3) misapplying 37 Pa. Code §§75.1 and 75.2 with respect to the presumptive range for backtime to be served. For purposes of our analysis, we presume Baxter's petition for review raises those same issues before this Court, and we address them in turn.

In his first issue, Baxter objects to the Board's decision to deny him credit for the time he spent at liberty on parole, also referred to as "street time." The Board's June 16, 2017, decision stated as follows:

> THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. SEE 37 PA. CODE SEC. 73.[5] FAILURE TO

---

[4] This Court's review determines whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[5] The Board's regulation provides:

(b) Petitions for administrative review.

(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has

5

ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION.

C.R. 138. Because Baxter did not seek administrative review of this decision, he cannot challenge it here. Although he attached the Board's June 16, 2017, decision to the instant petition for review, its validity is not before this Court because Baxter did not exhaust his administrative remedies.

Even if Baxter had preserved his challenge to the Board's denial of credit, there is no merit to his argument. Section 6138(a) of the Prisons and Parole Code governs the award of credit for street time and provides, in relevant part:

> (a)(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).
>
> (3) The board may, in its discretion, reparole whenever, in its opinion, the best interests of the inmate justify or require the

mailed its response to the petition for administrative review. This subsection supersedes 1 Pa. Code § 35.226.

37 Pa. Code §73(b).

6

inmate's release on parole and it does not appear that the interests of the Commonwealth will be injured thereby.

61 Pa. C.S. §6138(a). While on parole, Baxter did not commit a disqualifying crime under Section 6138(a)(2.1)(i). Nor was he subject to a federal removal order for purposes of Section 6138(a)(2.1)(ii). Thus, the decision to award credit remained within the Board's discretion. The Board exercised that discretion by choosing not to grant Baxter any credit for his street time.

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), our Supreme Court held that the Board must articulate the basis for its decision to deny credit to a convicted parole violator for his time spent at liberty on parole. Here, the Board complied with that mandate in its decision of June 16, 2017, by stating that it was not crediting Baxter for his street time due to his "prior history of supervision failures." C.R. 138. With that statement, the Board discharged its obligation under Section 6138(a)(2.1).

Next, Baxter argues that the Board erred when it altered his judicially imposed maximum sentence date from May 28, 2016, to February 5, 2017. He maintains that the Board does not have such authority. We disagree.

The Board has authority to deny credit for time spent at liberty on parole and to revise the maximum sentence date set by the sentencing judge where parole is violated. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979) ("a denial of credit does not constitute an enhancement of a sentence so as to raise federal constitutional implications [and]…does not effect the sentence in such a manner as would be offensive to the doctrine of separation of powers."). Indeed, the Board may "require that a parolee serve the remaining balance of his unexpired term." *Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d

7

643, 645 (Pa. Cmwlth. 2000). In short, the Board did not err when it recalculated Baxter's maximum date by adding 334 days, *i.e.*, the remaining balance of his unexpired term.

Finally, Baxter argues that the Board erred in recommitting him to a period of backtime in excess of the presumptive range. Again, we disagree.

The Board's regulation provides:

(a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.

(b) *The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.*

(c) The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.

(d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.

(e) The severity ranking of crimes listed in § 75.2 (relating to presumptive ranges for convicted parole violations) is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

37 Pa. Code §75.1 (emphasis added).

The "[p]resumptive ranges for convicted parole violators" are found in Section 75.2 of the Board's regulations, 37 Pa. Code §75.2. It provides, "[i]f the Board orders the recommitment of a parolee as a convicted parole violator, the

8

parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the [prescribed] presumptive ranges." 37 Pa. Code §75.2.

The presumptive range for manufacture, delivery, or possession with intent to manufacture or deliver depends on the grading of the offense, which is determined, in part, by the drug in question. Here, Baxter pled guilty to two counts involving heroin, one count involving fentanyl, and one count involving cocaine. C.R. 76-77. Fentanyl and heroin are Schedule I drugs, which carry a statutory maximum sentence of 15 years. Section 13(f)(1) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(f)(1). Drug Act violations with a statutory maximum sentence of 15 years have a presumptive range of "24 months to 36 months." 37 Pa. Code §75.2. Cocaine is a Schedule II drug, which carries a statutory maximum sentence of ten years. Section 13(f)(1.1) of the Drug Act, 35 P.S. §780-113(f)(1.1). Drug Act violations with a statutory maximum sentence of ten years have a presumptive range of "18 months to 24 months." 37 Pa. Code §75.2.

Baxter was recommitted for a period of 335 days, *i.e.*, ten months and 29 days. Because the recommitment period imposed by the Board was less than either of the applicable presumptive ranges, *i.e.*, 18 to 24 months or 24 to 36 months, it is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.").

9

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms that Baxter's appeal lacks merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest Baxter,                              :
                    Petitioner             :
                                           :
        v.                                 :   No. 1059 C.D. 2017
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                    Respondent             :

## **O R D E R**

AND NOW, this 16th day of April, 2018, the order of the Pennsylvania Board of Probation and Parole, dated June 15, 2017, is AFFIRMED and the application for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge