# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Williams, : 
                Petitioner : 
                                       : 
                   v. : 
                                         : 
Pennsylvania Board : 
of Probation and Parole, :   No. 337 C.D. 2017
                Respondent :   Submitted: March 23, 2018


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: June 25, 2018

Casey Williams (Williams), an inmate at State Correctional Institution – Houtzdale, petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) February 24, 2017 decision denying his request for administrative relief. Williams' counsel, Assistant Public Defender Daniel C. Bell, Esquire (Counsel) has filed an Amended Petition for Withdrawal of Appearance (Withdrawal Petition) and submitted a no-merit letter in support thereof. After review, we grant Counsel's Withdrawal Petition and affirm the Board's order.

On August 16, 2005, Williams was paroled from a 4 to 10-year sentence for the manufacture, sale, delivery or possession with the intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. Williams was released to an approved home plan in New York and was placed under the active compact supervision of the New York parole authorities. At that time, Williams' maximum sentence release date was February 2, 2011.

On May 22, 2007, Williams was arrested by the New York Police Department for criminal possession of marijuana (Possession Charge). On June 24, 2007, the Possession Charge was non-processed because the District Attorney's Office declined to prosecute the case. *See* Certified Record (C.R.) at 55. On June 15, 2008, the Allentown Police Department arrested Williams for simple assault and harassment. On June 16, 2008, the Board lodged a detainer. On July 22, 2008, the charges were dismissed. On December 12, 2008, the Allentown Police Department arrested Williams for carrying a firearm without a license and for being a felon in possession of a firearm. On December 13, 2008, the Board lodged a detainer. On December 30, 2008, Williams signed a waiver of his rights to a detention hearing, counsel and a panel hearing. On January 8, 2009, the second Board member voted to recommit Williams as a technical parole violator for leaving New York without permission and being arrested on firearms charges. The Board sentenced Williams to 12 months of backtime.

On February 18, 2009, a federal indictment was issued against Williams for one count of conspiracy to distribute crack (21 U.S.C. §§ 846, 841(a)(1), (b)(1)(c)), four counts of crack distribution (21 U.S.C. § 841(a)(1), (b)(1)(c)), one count of aiding and abetting crack distribution (21 U.S.C. § 841(a)(1), (b)(1)(c), 18 U.S.C. § 2) and one count as a felon in possession of a weapon (18 U.S.C. § 922(g)(1)). On April 4, 2011, Williams pled guilty to all of the federal charges and, on June 19, 2013, he was sentenced to a concurrent 96-month term of imprisonment and six years of supervised release for the drug charges, and to a concurrent term of 96 months of imprisonment and three years of supervised release for the firearms charge. Williams was returned to the Commonwealth of Pennsylvania's Department of Corrections' custody on December 1, 2015. On March 2, 2016, Williams was recommitted as a convicted parole violator and sentenced to serve 60 months of backtime concurrently with his January 2009 technical parole violation sentence.

2

On April 28, 2016, Williams filed an Administrative Remedies Form with the Board seeking reconsideration of his recommitment backtime. *See* Administrative Remedies Form Attachment, C.R. at 159. By February 24, 2017 decision, the Board denied his administrative appeal. Williams appealed from the Board's decision to this Court.[1] On June 19, 2017, Counsel filed a Withdrawal Petition and no-merit letter. On December 13, 2017, this Court denied Counsel's Withdrawal Petition based on Counsel's failure to properly address Williams' issues and directed Counsel to file either an amended Withdrawal Petition and no-merit letter that adequately addressed Williams' issues, or to submit a brief on the merits. On March 16, 2018,[2] Counsel filed an Amended Withdrawal Petition and a no-merit letter. On March 20, 2018, this Court ordered that Counsel's Amended Withdrawal Petition be considered along with the merits of Williams' appeal.

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit

---

[1] "Our review in a parole revocation action is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.3 (Pa. Cmwlth. 2010).

[2] By January 17, 2018 order, this Court granted Counsel's request for a 60-day extension of time to file his brief.

letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In reviewing Counsel's no-merit letter herein, this Court notes that the letter contains the procedural history of Williams' case, as well as Counsel's review of the record and relevant statutory and case law. Counsel served Williams with a copy of the no-merit letter and his Amended Withdrawal Petition, and notified Williams that he may either obtain substitute counsel or file a brief on his own behalf.[3] Counsel further stated therein that Williams presented one issue in his Petition for Review: whether the amount of backtime imposed exceeded the presumptive ranges. In his no-merit letter to this Court, Counsel provides sufficient reasons why Williams' issue is without merit. Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements and will now independently review the merits of Williams' appeal to determine whether to grant or deny Counsel's Withdrawal Petition.

Williams argues that the Board exceeded the presumptive ranges for his offenses by imposing 60 months of backtime. Section 75.1 of the Board's Regulations addresses presumptive ranges for calculating backtime for convicted parole violators as follows:

> (a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.

---

[3] Williams did not obtain substitute counsel or file a brief.

4

(b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

(c) The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.

(d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.

(e) The severity ranking of crimes listed in [Section] 75.2 [of the Board's Regulations] (relating to presumptive ranges for convicted parole violations) is not intended to be exhaustive, and **the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.**

37 Pa. Code § 75.1 (emphasis added). "Our Supreme Court has held that '[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.'" *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) (quoting *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990)).

Here, Williams was convicted of six drug offenses under Section 841(a)(1) of the United States Code, each of which carry a 20-year maximum sentence. *See* 21 U.S.C. § 841(b)(C). Pennsylvania's closest related crime category in terms of severity and punishment is Section 113(f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act,[4] which has a presumptive range of 18 to 24 months. *See* 37 Pa. Code § 75.2. Williams was also convicted of one firearms offense under Section 922(g)(1) of the United States Code, 18 U.S.C. § 922(g)(1),

---

[4] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(f)(1.1).

(*i.e.*, a felon in possession of a weapon) which is listed in the Board's Regulation as a prohibited offensive weapon and has a presumptive range of 12 to 18 months. *See* 37 Pa. Code § 75.2. Thus, although Williams' total presumptive range maximum was 162 months, the Board sentenced Williams to only 60 months of backtime, which is well within the presumptive range. "Accordingly, the Board properly imposed a period of backtime within the maximum presumptive range." *Fisher*, 62 A.3d at 1077.

For all of the above reasons, this Court grants Counsel's Withdrawal Petition and affirms the Board's order.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Williams,  :
                     Petitioner  :
                                   :
              v.  :
                                     :
Pennsylvania Board  :
of Probation and Parole,  :    No. 337 C.D. 2017
                    Respondent  :

## O R D E R

AND NOW, this 25th day of June, 2018, Assistant Public Defender Daniel C. Bell, Esquire's Amended Petition for Withdrawal of Appearance is GRANTED, and the Pennsylvania Board of Probation and Parole's February 24, 2017 decision is AFFIRMED.

 

_____
ANNE E. COVEY, Judge