# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leon Donte Watson,            :
                              :
              Petitioner      :
                              :
        v.                    : No. 1161 C.D. 2019
                              : Submitted: January 10, 2020
Pennsylvania Board of Probation :
and Parole,                   :
                              :
              Respondent      :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  April 27, 2020


        Leon Donte Watson (Watson) petitions for review from an order of the
Pennsylvania Board of Probation and Parole (Board) that denied his request for
administrative review challenging the calculation of his parole violation maximum
date.  Also before us is a petition to withdraw as counsel filed by Watson's court-
appointed attorney, Jessica Fiscus, Esquire (Attorney Fiscus), on the ground that
Watson's appeal is without merit.  For the reasons that follow, we grant Attorney
Fiscus's petition to withdraw as counsel, and we affirm the Board's order.

## I. Background

In November 2009, Watson was found guilty of possession with intent to deliver a controlled substance and violating the terms of his probation, and was sentenced to an 8- to 16-year term in prison. Certified Record (C.R.) at 1-2. Watson's original maximum sentence date was September 11, 2024. C.R. at 1-2.

On September 11, 2016, the Board released Watson on parole. C.R. at 4-5. At the time Watson was paroled, there were 2,992 days remaining on his sentence. *Id.* at 76. On February 25, 2017, while on parole, Watson was arrested and charged with 14 different offenses stemming from an allegation that Watson entered the home of an ex-girlfriend and attacked a man in her home. C.R. at 16-21. That same day, the Board issued a warrant to commit and detain Watson for parole violations. C.R. at 23. The Montgomery County Court of Common Pleas set monetary bail, which Watson did not post. C.R. at 63. On March 17, 2017, the Board rendered a decision to detain Watson pending disposition of the new criminal charges. *Id.* at 27. On December 13, 2017, Watson pled guilty to aggravated assault. C.R. at 35-43. Watson was sentenced to serve two and a half to five years in prison. The remaining charges were dismissed. C.R. at 50.

The Board charged Watson as a convicted parole violator (CPV) based on his new conviction. C.R. at 55. Watson signed a waiver of revocation hearing and a counsel/admission form relative to the charge. C.R. at 47. A hearing examiner determined that Watson should be recommitted as a CPV based on his new conviction. C.R. at 54-61. On February 21, 2018, the Board revoked Watson's parole when the second signature was placed on the hearing report. C.R. at 34.

By decision mailed April 5, 2018, the Board recommitted Watson as a CPV to serve 36 months' backtime. C.R. at 74-75. The Board did not award Watson

2

credit for the time that he spent at liberty on parole, citing the violent nature of his new conviction and a poor supervision history. *Id.* The Board added the remaining 2,992 days from Watson's original sentence to his recommitment date, February 12, 2017, making Watson's new maximum sentence date February 12, 2026. *Id.* at 74-76. The Board declared he would not be eligible for parole until February 12, 2021. *Id.*

Watson requested administrative review of the Board's decision asserting that although the backtime imposed was within the presumptive range, reconsideration of the amount of backtime was warranted based on the factual circumstances surrounding his new conviction, his decision to accept responsibility, and his role as a father of two young children. C.R. at 79. On September 24, 2018, Watson sent a second letter to the Board inquiring about the status of his request for administrative review. By decision mailed July 30, 2019, the Board denied Watson's request for administrative review, stating that his request for relief failed to indicate that the Board made evidentiary, procedural and calculation errors in revoking his parole. *Id.* at 85. Rather, Watson's request was a general plea for leniency, requiring the request for relief to be dismissed. *Id.* Watson then petitioned this Court for review.[1]

Watson, in his petition for review, argues that the Board erred by: (1) refusing to award him credit for time at liberty on parole because the reason offered was either legally insufficient or unsupported by the record; (2) establishing his custody for return date, which impacted his maximum sentence date; (3)

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

recalculating his maximum sentence date, in violation of the doctrine of separation of powers; and (4) improperly calculating his backtime penalty.

## II.     Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to the Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wishes to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[2] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "substantial reasons for concluding that a petitioner's arguments are meritless." *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of the brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, the Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines that the petitioner's claims lack merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Fiscus's no-merit letter satisfies the technical requirements of *Turner*. Attorney Fiscus states that she has conducted a review of the record, applicable statutes, and case law. She sets forth the issues that Watson raised in his petition for review, particularly that the Board erred in: (1) failing to award Watson credit for time at liberty on parole; (2) establishing Watson's custody for return date; (3) calculating Watson's maximum sentence date, in violation of the separation of powers doctrine; and (4) calculating Watson's backtime. Attorney Fiscus provides a thorough analysis as to why these issues lack merit, citing the applicable statutes, regulations, case law and certified record in support of her conclusion.

Attorney Fiscus explains that the Board did not err declining to award Watson credit for time he spent at liberty on parole. Watson is not entitled to credit for the time he spent at liberty on parole. Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), provides that a parolee who is convicted of committing a crime while on parole may be recommitted to serve the unserved balance of his original maximum sentence and may be denied credit for "time at liberty on parole." The Board provided a valid, contemporaneous reason for declining to grant Watson credit for the time he spent at liberty on parole.

5

Second, the Board properly established Watson's custody for return date as February 12, 2018. Attorney Fiscus explained that the "custody for return" date refers to the date the Board took official action to revoke Watson's parole, which occurred on February 12, 2018, when the last Board member signed off on the hearing examiner's report. *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980).

Third, the Board did not violate the doctrine of separation of powers by recalculating Watson's maximum sentence date. Attorney Fiscus cites well-settled case law explaining that the Board's extension of Watson's maximum sentence date by the number of days he was at liberty on parole does not offend the doctrine of separation of powers.

Finally, the Board did not err in its calculation of Watson's backtime. Attorney Fiscus explained that Watson's new criminal conviction carried a presumptive range of 24 to 40 months of backtime, and the Board's imposition of 36 months of backtime falls into that range.

Based on her review, Attorney Fiscus concludes that Watson's appeal to this Court lacks merit, and she requests permission to withdraw. Attorney Fiscus provided Watson with a copy of the no-merit letter and her request to withdraw. She advised Watson of his right to retain new counsel or proceed *pro se*.[3] As we are satisfied that Attorney Fiscus has discharged her responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Watson's petition for review lacks merit.

---

[3] Watson did not retain new counsel or file a brief in support of his petition for review.

6

### III. Independent Review

Watson asserts that the Board erred by refusing to award him credit for the time he spent at liberty on parole. Section 6138(a)(2) of the Parole Code authorizes the Board to recommit a CPV to serve the remainder of the term he would have been required to serve had he not been paroled, except as provided under subsection (2.1). 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii). 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75 and n.12. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

Here, because Watson's aggravated assault conviction was not graded as a first-degree felony, he was not convicted of a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa. C.S. §9714(g). *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). As a result, the Board had discretion to deny Watson credit for the time he spent at liberty on parole. 61 Pa. C.S. §6138(a)(2.1); *Pittman*. In

7

exercising this discretion, the Board stated that it declined to credit Watson with the time spent at liberty on parole, citing the violent nature of Watson's new offense and his poor supervision history. C.R. at 56. Upon review, we discern no abuse of discretion in the Board's denial of street time credit on this basis.

Next, Watson contends the Board erred in establishing his custody for return date, which impacted the recalculation of his maximum sentence date. A CPV's "custody for return" date is determined by the date of the parole revocation. *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) (parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV); *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769-70 (Pa. Cmwlth. 2015) (recommitment date for CPV is the date parole is revoked as indicated by the second signature on the hearing report); *Campbell*, 409 A.2d at 982 (service of backtime on an old sentence must be computed from the date the Board revokes parole). Time served prior to the parole revocation date must be applied to the new sentence. *Wilson*, 124 A.3d at 770; *Campbell*, 409 A.2d at 982.

Watson's parole was not revoked until February 12, 2018, when the Board obtained the required second signature to recommit him as a CPV. C.R. at 61. Thus, the Board properly utilized February 12, 2018, as Watson's custody for return date, and Watson is not entitled to an adjustment on this basis.

Further, Watson argues that the Board's recalculation of his maximum sentence date reflecting the lack of credit for time at liberty on parole violates the doctrine of separation of powers. We disagree. The Pennsylvania Supreme Court has long held that the Board's "power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth of*

8

*Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Our Supreme Court reiterated this principle in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), holding that "when the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." Therefore, we conclude that the Board did not violate the doctrine of separation of powers by recalculating Watson's maximum date to reflect the lack of credit for time spent at liberty on parole.

Finally, Watson contends that the Board erred in its calculation of his backtime penalty. "Upon recommitment as a CPV, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled . . . ." *Armbruster*, 919 A.2d at 351. "As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990). The presumptive range for aggravated assault is 24 to 40 months. Section 75.2 of the Board's regulations, 37 Pa. Code §75.2. Here, the Board recommitted Watson to 36 months of backtime. Because the 36-month recommitment period imposed by the Board is within the presumptive range, this Court may not entertain a challenge to the term of Watson's recommitment.

## IV.    Conclusion

Upon review, we agree with Attorney Fiscus that Watson's claims are without merit. Accordingly, we grant Attorney Fiscus's petition to withdraw as

counsel, and we affirm the order of the Board denying Watson's request for administrative review.


_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leon Donte Watson,                 :
                                   :
                    Petitioner     :
                                   :
          v.                       : No. 1161 C.D. 2019
                                   :
Pennsylvania Board of Probation    :
and Parole,                        :
                                   :
                    Respondent :


O R D E R


AND NOW, this 27th day of April, 2020, the order of the Pennsylvania Board of Probation and Parole, dated July 30, 2019, is AFFIRMED, and the petition to withdraw as counsel filed by Jessica Fiscus, Esquire, is GRANTED.


_____
MICHAEL H. WOJCIK, Judge