IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesus Manuel Torres,              :
             Petitioner       :
             :
   v.              :
             :
Pennsylvania Parole Board,      :    No. 790 C.D. 2024
             Respondent    :    Submitted: July 7, 2025

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: August 6, 2025

Jesus Manuel Torres (Torres), an inmate at a state correctional institution (SCI), petitions for review of a decision of the Pennsylvania Parole Board (Board) mailed on May 23, 2024 (May 2024 Board Decision), that denied Torres's *pro se* administrative appeal of a Board decision recorded on September 18, 2023, revoking Torres's parole. Also before us is the Application for Leave to Withdraw Appearance (Application to Withdraw) of Dana E. Greenspan, Esquire (Counsel),[1] asserting that the petition for review lacks merit. For the following reasons, we grant the Application to Withdraw and affirm the May 2024 Board Decision.

---

[1] Torres is incarcerated and indigent and Counsel is providing free legal service on behalf of the Montgomery County Public Defender's Office for the purpose of the instant appeal before this Court. *See* Verified Statement to Proceed *In Forma Pauperis* filed June 18, 2024; Entry of Appearance filed June 18, 2024; Commonwealth Court Order dated June 28, 2024.

## I. Background

On April 27, 2011, Torres pleaded guilty to multiple counts of possession of a controlled substance with intent to distribute (PWID)[2] and related charges and received an aggregate sentence of 6 to 15 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1-6. Torres's minimum and maximum sentence dates on the Original Sentence were November 12, 2016, and November 12, 2025, respectively. *See* C.R. at 3-5.

Torres was released on parole from the Original Sentence on April 3, 2017. *See* C.R. at 7-15.[3] Torres absconded, and on April 12, 2017, the Board issued an administrative action declaring Torres delinquent effective April 11, 2017. *See* C.R. at 16 & 23.

On February 28, 2018, Torres was arrested by the Annville Township Police Department on new PWID charges (First New Charges). *See* C.R. at 17. On April 13, 2018, the Board entered a decision (April 2018 Board Decision) detaining Torres pending the disposition of the First New Charges. *See* C.R. at 17. The April 2018 Board Decision further recommitted Torres as a technical parole violator to serve six months for multiple technical parole violations.[4] *See* C.R. at 17. Based on Torres's 323 days of delinquency, the Board recalculated the maximum date of the Original Sentence from November 12, 2025, to September 29, 2026. *See* C.R. at 17-21.

---

[2] 35 P.S. § 780-113(a)(30).

[3] Torres was granted parole by Board Decision recorded on January 31, 2017. *See* C.R. at 7. His actual date of release, however, was April 3, 2017. *See id.* at 11.

[4] The Board found Torres violated parole condition #2, change of residence without permission, and parole condition #7, failure to successfully complete required drug/alcohol treatment. *See* C.R. at 17.

Following Torres's June 18, 2018 guilty plea and receipt of a one-year probation sentence on the First New Charges, in a Board decision recorded on October 22, 2018 (October 2018 Board Decision), the Board modified the April 2018 Board Decision to recommit Torres as a convicted parole violator (CPV) to serve 18 months' backtime[5] following the new conviction. *See* C.R. at 22-24. The Board denied Torres credit for time spent at liberty on parole for the reason that Torres "absconded while on supervision." C.R. at 23. The October 2018 Board Decision further noted a new parole violation maximum date of October 9, 2026. *See* C.R. at 22-23.

Torres was again released on parole on September 17, 2019.[6] *See* C.R. at 27-37. However, on February 4, 2022, after Torres was arrested by the Pennsylvania State Police on new PWID charges (Second New Charges), the Board issued a new Warrant to Commit and Detain. *See* C.R. at 38-39 & 75-77. Once Torres was released on bail for the Second New Charges on February 17, 2022, he remained incarcerated on the Board's detainer pending the disposition of the Second New Charges. *See* C.R. at 38-39 & 75-77. On August 23, 2023, Torres pleaded guilty to the Second New Charges and received a sentence of one to three years' incarceration. *See* C.R. at 42 & 53-54. On September 8, 2023, Torres executed a Waiver of Revocation Hearing and Counsel/Admission Form (Hearing Waiver) that acknowledged his conviction for PWID on the Second New Charges and waived his

---

[5] "Back[time] is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (defining backtime as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled").

[6] This time, Torres was granted parole by Board Decision recorded on June 10, 2019, and his actual release date was September 17, 2019. *See* C.R. at 27 & 31.

right to a parole hearing.  *See* C.R. at 44-45.  Attached to the Hearing Waiver was a handwritten note drafted by Torres admitting and explaining his conviction on the Second New Charges.[7]  *See* C.R. at 46.

By Board Decision recorded September 18, 2023 (September 2023 Board Decision), the Board revoked Torres's parole and recommitted him as a CPV for a period of 24 months on the basis of his latest PWID conviction.  *See* C.R. at 80-81.  As the reason for the CPV recommitment, the September 2023 Board Decision explained:  "Conviction in a court of record established.  Prior parole/probation failure.  New charges serious/assaultive.  Pattern of parole failure in your criminal history.  Not amenable to parole supervision.  Considered a threat to the safety of the community."  C.R. at 80.  The Board further denied Torres credit for time spent at liberty on parole for the following stated reasons:

> \- [Torres] has been convicted of a new crime that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole.
>
> \- [Torres] has a history of supervision failure(s) in probation and/or parole to warrant denying credit for time at liberty on parole.

---

[7] The handwritten note was addressed to the Board and stated:

> I admit to [r]elapsing in 2021 when my brother overdosed and died and was thrown in the streets of Harrisburg[.]  I won the lottery in June 2021[.]  I won $250,000 and decided to make the wrong decision of using drugs and giving drugs away[.]  [P]lease under upon [sic] my new conviction [for the Second New Charges] I took a 1 to 3 year sentence with SDTP to seek help [f]or myself because I really need help[.]  I thank you for your time and patience.

C.R. at 46.

- [Torres] continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole.

C.R. at 81. Additionally, the September 2023 Board Decision recalculated Torres's maximum sentence date to April 2, 2029. *See* C.R. at 80-81.

On October 19, 2023, Torres submitted to the Board a *pro se* Administrative Remedies Form that challenged the September 2023 Board Decision, specifically, the recommitment range and recalculated maximum sentence date. *See* C.R. at 84-92. The Board denied Torres's administrative appeal by issuing the May 2024 Board Decision in the form of a letter dated May 23, 2024. *See* C.R. at 93-97. In affirming the September 2023 Board Decision, the Board explained to Torres that

> [t]he record reveals that on September 8, 2023, supervision staff presented you a notice of hearing and charges indicating that you incurred a new criminal conviction in the Dauphin County Court of Common Pleas (docket CR-967-2022) for the offense of [PWID] (F). On September 8, 2023, you acknowledged your rights at [a] Board[] hearing[] and you signed [the Hearing Waiver] waiving your right to a revocation hearing and counsel, and you acknowledged the veracity of the [Second New Charges] criminal conviction presented to you in the notice. The [Hearing Waiver] you signed indicated that you chose to take said action of your own free will, without promise, threat, or coercion, and that your waiver/ admission was knowing and voluntary. The [Hearing Waiver] you signed also gave you ten calendar days to withdraw the [Hearing Waiver]. There is no indication that you withdrew [the Hearing Waiver] within the established grace period. As such, the Board acted within its authority to revoke your parole based on the [Hearing Waiver] for the offense indicated.

5

In correspondence, you challenge the reason listed to recommit of "new charges serious/assaultive". Although the new offense is not considered assaultive, the Board finds the felony offense of [PWID] to be serious in nature. Thus, the reason to recommit is supported by the record.

Next, to the extent you seek relief from the 24-month recommitment term imposed by the Board, the decision in question recommitted you as a [CPV] for the offense indicated. The presumptive range for that offense, as outlined in 37 Pa. Code §§ 75.1-75.2, is as follows:

- [PWID] – cocaine (F) – 18-24 months confinement

Because the 24-month term falls within the range, it is therefore not subject to challenge. *Smith v. [Pa.] B[d.] of Prob[.] [&] Parole*, 574 A.2d 558 (Pa. 1990).

You were reparoled from a[n SCI] on September 17, 2019[,] with a maximum date of October 9, 2026, leaving you 2,579 days remaining on your original sentence the day you were released. The Board's decision to recommit you as a []CPV[] authorized the recalculation of your maximum date to reflect that you received no credit for the time spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2). In this case, the Board did not award you credit for the time spent at liberty on parole. This means that you still owed 2,579 days on your original sentence based on the recommitment.

The record reveals that on February 4, 2022[,] the Department of Corrections [(]DOC[)] lodged a warrant against you after you were charged with [the Second New Charges] in Dauphin County. On February 17, 2022, you were granted unsecured bail. On August 23, 2023, you were sentenced on the [Second New Charges] in the Dauphin County Court of Common Pleas (docket CR-967-2022) to a new term of incarceration to be served in a[n SCI]. On September 8, 2023, you elected to waive your revocation hearing and the Board subsequently voted

to revoke your parole for the new conviction on September 14, 2023.

Based on these facts, you are entitled to backtime credit from February 17, 2022[,] to August 23, 2023 (552 days) after you were held solely on the DOC's warrant prior to sentencing. *Gaito v. Pa.* B[*d.*] *of Prob*[.] [*&*] *Parole*, 412 A.2d 568 (Pa. 1980). Thus, you owed 2,579 – 552 = 2,027 days on your original sentence.

C.R. at 93-94. The Board continued to explain that

[t]he Prisons and Parole Code provides that a CPV who was released from an SCI and receives a new sentence to be served in an SCI must serve the original sentence first, and *those terms must be served consecutively*. 61 Pa.C.S. § 6138(a)(5); *see also Commonwealth v. Dorian*[,] 468 A.2d 1091 (Pa. 1983). However, that provision does not take effect until the Board revokes the offender's parole. *Campbell v. Pa.* B[*d.*] *of Prob*[.] [*&*] *Parole*, 409 A.2d 980 (Pa. 1980). This means that you became available to commence service of your original sentence on September 14, 2023 (effect [sic] date of return), because that is the day the Board obtained enough signatures to declare you a parole violator. Adding 2,027 days to September 14, 2023 yields a recalculated maximum date of April 2, 2029. Thus, the Board properly recalculated your maximum date.

C.R. at 95. Finally, the Board explained as follows: "Please note that any time spent incarcerated that was not applied toward your original sentence will be calculated by the [DOC] and applied toward your new state sentence when you begin serving that term." C.R. at 95.

Torres filed a timely petition for review with this Court on June 18, 2024, together with a Verified Statement to Proceed *In Forma Pauperis*, which this Court granted on June 28, 2024. *See* Verified Statement to Proceed *In Forma*

7

*Pauperis* filed June 18, 2024; Commonwealth Court Order dated June 28, 2024. Thereafter, on August 29, 2024, Counsel filed a *Turner/Finley* letter[8] (*Turner/Finley* Letter) and the Application to Withdraw with this Court. The Court then filed an order informing Torres that he could either obtain substitute counsel at his own expense to file a brief on his behalf or he could file a *pro se* brief on his own behalf within 30 days of service of the order. *See* Commonwealth Court Order dated September 5, 2024. Torres neither secured private counsel nor submitted a brief on his own behalf thereafter.

## II. Issues

On review,[9] Torres first claims that the Board lacked authority to recalculate his maximum sentence date because sentencing authority rests solely with the judiciary. *See* Petition for Review at 2-3 (pagination supplied); *see also Turner/Finley* Letter at 4. Torres next claims that the Board erred by not awarding him credit towards the Original Sentence for the time he spent at liberty on parole based on the characterization of the Second New Charges as "serious/assaultive." *See* Petition for Review at 4; *see also Turner/Finley* Letter at 4-5. Torres also asserts that the 24-month backtime penalty imposed by the Board is excessive and does not fall within the appropriate presumptive range. *See* Petition for Review at 4; *see also*

---

[8] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters go by many names in the Commonwealth, including "no-merit letter," "*Finley*" letter, "*Turner* letter," and "*Turner/Finley* letter." *See Anderson*, 237 A.3d at 1204 n.2.

[9] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

*Turner*/*Finley* Letter at 6. Additionally, Torres argues that the Board abused its discretion by failing to release him immediately upon the completion of his 24-month backtime penalty. *See* Petition for Review at 4; *see also Turner*/*Finley* Letter at 6.

### III. Application to Withdraw

Before addressing the validity of the substantive arguments, we must assess the adequacy of the *Turner*/*Finley* Letter. As this Court has explained:

> A *Turner*[/*Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[/*Finley*] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their [sic] client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted).

Here, Counsel has satisfied the requirements for a *Turner*/*Finley* letter. In the *Turner*/*Finley* Letter, Counsel indicated that she reviewed the certified record and researched applicable case law. *See Turner*/*Finley* Letter at 7. Counsel identified the issues raised and explained why each lacks merit. *See id.* Letter at 4-6. Counsel served Torres with a copy of the *Turner*/*Finley* Letter and Application to Withdraw and advised him of his right to retain new counsel or proceed *pro se*. *See id.* at 7; *see also* Application to Withdraw at 3. Because Counsel complied with

9

the technical requirements to request withdrawal, and because we agree that the appeal is meritless as discussed *infra*, we grant the Application to Withdraw.

## IV. Discussion

### A. *Authority/Recalculation of Maximum Sentence Date*

Initially, to the extent Torres argues the Board lacked authority to recalculate the maximum date of the Original Sentence, we observe that Section 6138(a)(1) of the Prisons and Parole Code[10] allows the Board to recommit parolees who commit and are convicted of crimes punishable by imprisonment while on parole. *See* 61 Pa.C.S. § 6138(a)(1). Further, Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that the maximum length of the sentence, not the maximum sentence date, is controlling). Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018),[11] slip op. at 6. It is well settled that, when recalculating the sentence of a CPV, the Board does not encroach upon judicial powers, but merely requires the parole violator to serve his entire sentence under the authority granted by the General Assembly. *See Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of a CPV's sentence "is not an encroachment upon the judicial sentencing power"); *see also Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No.

---

[10] 61 Pa.C.S. §§ 101-7301.

[11] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

2038 C.D. 2016, filed July 13, 2017), slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly").

Here, the record indicates that, upon his parole, Torres had 2,579 days remaining on the Original Sentence. Because the Board decided not to award him credit for time spent at liberty on parole, Torres still had the entirety of the 2,579 days remaining to serve on the Original Sentence upon his recommitment as a CPV. Following Torres's subsequent arrest and the issuance of the Board's detainer on February 4, 2022, Torres was incarcerated solely on the Board's detainer for the 552 days from February 17, 2022, to August 23, 2023, when he was bailed on the Second New Charges. The Board ultimately revoked Torres's parole on September 14, 2023, and recalculated the new maximum date for the Original Sentence by adding 2,027[12] days of backtime on to the revocation date, yielding a recalculated maximum date for the Original Sentence of April 2, 2029. We find no error in the Board's calculations and thus no violation of Torres's rights based on this recalculation.

## B. *Recommitment Range*

Torres also alleges that the Board employed incorrect recommitment ranges when recommitting him as a CPV. Title 37, Chapter 75 of the Pennsylvania Code (Code) sets forth the presumptive ranges for recommitment of convicted parole violators. *See* 37 Pa. Code §§ 75.1-75.2. As the Board observed, the presumptive recommitment range for the offense upon which Torres was recommitted as a CPV,

---

[12] As set forth above, this was the Board's calculation of the 2,579 days remaining on the Original Sentence minus the 552 days spent incarcerated solely on the Board's warrant.

PWID, is 18-24 months. *See* May 2024 Board Decision at 2; *see also* 37 Pa. Code § 75.2; 35 P.S. § 780-113(f)(1.1). As it is within the presumptive recommitment range, Torres's 24-month recommitment term is not subject to challenge. *See Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990) (holding that "[a]s long as the period of recommitment is within the presumptive range for the violation," the Court "will not entertain challenges to the propriety of the term of recommitment"). Thus, Torres is entitled to no relief based on the 24-month recommitment term imposed by the Board.

## C. *Reason for denial of time spent at liberty on parole*

We find no merit in Torres's argument that the Board abused its discretion or violated his rights by denying him credit for time spent at liberty on parole based on the Board's characterization of the Second New Charges as "serious/assaultive." As the Board explained, while not assaultive, as a felony punishable by up to 10 years in prison, a PWID charge, in conjunction with Torres's repeated similar crimes, repeated parole failure, and unresolved drug use issues, is sufficiently serious to support a denial of sentence credit for time spent at liberty on parole. Accordingly, the Board did not abuse its discretion by denying Torres credit for time spent at liberty on parole prior to his arrest on the Second New Charges.

## D. *Immediate release upon completion of backtime*

Finally, to the extent Torres argues that the Board erred by failing to immediately release him upon the completion of his 24-month backtime penalty, he is incorrect. As this Court has explained: "[w]here a prisoner is recommitted following a parole revocation hearing to serve backtime as a parole violator, the parolee loses his status as a 'parolee' and has no right to be automatically released on parole upon the expiration of the backtime mandated by the Board." *Johnson v.*

12

*Pa. Bd. of Prob. & Parole*, 532 A.2d 50, 53 (Pa. Cmwlth. 1987). Simply stated, Torres had no right to be automatically re-paroled upon the expiration of his backtime penalty and the Board did not err by not granting him release upon the expiration of his backtime penalty.[13]

## V. Conclusion

For the reasons discussed above, following our independent review of the record and applicable law, we agree with Counsel that Torres's issues on appeal lack factual or legal merit. Accordingly, we find the instant appeal to be frivolous, affirm the Board's denial of the claims contained in Torres's administrative appeal of the May 2024 Board Decision, and grant the Application to Withdraw.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] We observe that Torres requested further parole, but was denied by the Board in its discretion due to: Torres's need to complete additional institutional programs; a negative recommendation from the DOC; his unsatisfactory supervision history; reports/ evaluations/assessments indicating he is a risk to the community; and his lack of remorse for the offenses committed. *See* Notice of Board Decision recorded April 5, 2024, C.R. at 82-83.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesus Manuel Torres,            :
            Petitioner      :
               :
      v.               :
               :
Pennsylvania Parole Board,      :      No. 790 C.D. 2024
            Respondent    :

# **O R D E R**

AND NOW, this 6th day of August, 2025, the May 23, 2024 order of the Pennsylvania Parole Board is AFFIRMED. The Application for Leave to Withdraw Appearance of Dana E. Greenspan, Esquire, is GRANTED.

_____
CHRISTINE FIZZANO CANNON, Judge