# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quran Cooper,                              :
                         Petitioner    :
                                     :
            v.                       :    No. 1264 C.D. 2024
                                     :    SUBMITTED:  November 6, 2025
Pennsylvania Parole Board,                 :
                       Respondent    :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED:  January 8, 2026**

        Before the Court is the application of Dana E. Greenspan, Esq., of the Montgomery County Public Defender's Office, to withdraw as counsel on behalf of Quran Cooper, Petitioner.  Petitioner is currently incarcerated after recommitment by Respondent, Pennsylvania Parole Board, as a convicted parole violator (CPV). He has petitioned for review of the Board's decision to deny credit for time spent at liberty on parole in recalculating Petitioner's maximum date.  For the reasons set forth, we grant Attorney Greenspan's application and dismiss Petitioner's petition for review.

## *Background*

        The essential facts of the matter are as follows.  Petitioner pled guilty in 2017 to robbery and was sentenced to state confinement for a minimum term of 3 years, 6 months and a maximum term of 7 years.  The Board granted Petitioner parole in July 2020.  On his actual release date of August 25, 2020, his maximum

date was noted to be September 14, 2022. On December 5, 2023, Petitioner pled guilty in the Court of Common Pleas of Delaware County to possession of a firearm by a person convicted of an enumerated offense, 18 Pa.C.S. § 6105(a)(1), and driving under the influence (DUI), 75 Pa.C.S. § 3802(d)(2). Petitioner received new sentences for the new offenses.

As recorded on April 5, 2024, the Board recommitted Petitioner to a state correctional institution as a CPV to serve his unexpired term of 2 years, 20 days for the new convictions. The Board listed its reasons as convictions in a court of record, failure to comply with sanctions, and not being amenable to parole supervision. The Board did not award credit for time spent at liberty on parole because Petitioner committed a new offense involving possession of a weapon. The recomputed maximum date was April 14, 2026.

Attorney Greenspan filed an administrative appeal on Petitioner's behalf on May 6, 2024.[1] The Board affirmed its decision and the instant petition for review, filed by Attorney Greenspan, ensued. Subsequently, Attorney Greenspan filed her application to withdraw as counsel and her "no-merit" letter[2] in support of the application.

---

[1] Petitioner independently filed a "request for leave to file supplemental addendum," Certified Record (C.R.) at 93, raising additional arguments that the Board did not consider because it was not received timely.

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) [quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)] (internal quotation marks omitted).

***Discussion***

A no-merit letter must detail the nature and extent of counsel's review, list each issue raised by the parolee, and explain why counsel concluded that the parolee's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. 2009). In addition, court-appointed counsel who seeks to withdraw representation must notify the parolee of the request to withdraw, furnish the parolee with a copy of a brief or no-merit letter, and advise the parolee of his right to retain new counsel or raise any new points that the parolee might deem worthy of consideration. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988). If counsel has complied with these procedural requirements for withdrawal, the Court will independently review the merits of a parolee's claims.

In Attorney Greenspan's no-merit letter, she states that she has reviewed the record and concludes that the petition for review has no merit. She sets forth an extensive summary of the record in this matter and lists each of the issues raised and explains why she believes they lack merit, with her explanation based upon ample citation to the certified record and applicable case law, statutes, and regulations. Attorney Greenspan's letter states that she is notifying Petitioner of her request to withdraw; is providing him a copy of the application to withdraw and no-merit letter; and advises him of his right to retain substitute counsel and to raise any points which he may deem worthy of merit in a *pro se* brief. As we are satisfied that Attorney Greenspan has discharged her responsibility in complying with the technical requirements to withdraw from representation, we conduct an independent review to determine whether Petitioner's petition for review lacks merit.

The issues listed in Attorney Greenspan's no-merit letter are as follows: first, whether the Board abused its discretion by denying Petitioner credit for his

time spent at liberty on parole based upon his positive adjustment in the community and no recommitments as a technical parole violator; and second, whether the Board abused its discretion and/or violated his due process rights by imposing a backtime penalty that was greater than the penalty imposed by the court for the new firearm conviction and that was not within the appropriate recommitment range under 204 Pa.Code § 311.6.

With regard to the denial of credit for time spent at liberty on parole, when a parolee is released on parole he is informed that if he incurs a new conviction, the Board has the discretion to recommit him to serve the balance of his conviction with potentially no credit for time spent at liberty on parole. Section 6138(a)(1) of the Parole Code provides that the Board "may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole . . . commits a crime punishable by imprisonment . . . to which the offender pleads guilty." 61 Pa.C.S. § 6138(a)(1). Under Section 6138(a)(2), if revocation occurs, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted . . . . ," 61 Pa.C.S. § 6138(a)(2). Under Section 6138(a)(2.1), when recommitting an offender under Section 6138(a)(2), "[t]he Board **may, in its discretion**, award credit to an offender for time spent at liberty on parole," except under certain circumstances which do not pertain here. 61 Pa.C.S. § 6138(a)(2.1) (emphasis added). Petitioner concedes, and we are mindful, that the Board has a great deal of discretion in its decision-making process regarding credit as long as it states the reason(s) why time at liberty on parole is being forfeited. *Pittman v. Pa. Bd. of Prob. and Parole*, 159 A.3d 466 (Pa. 2017).

In its decision, the Board explained that it was denying Petitioner credit for time spent at liberty on parole because the new offense involved possession of a

firearm. Petitioner was required, as a condition of his parole, to "refrain from owning or possessing firearms or other weapons" upon his release, Conditions Governing Parole, Certified Record (C.R.) at 12, and was prohibited from possessing a weapon under Section 6105(a)(1) of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S. § 6105(a)(1) ("[a] person who has been convicted of an [enumerated] offense . . . shall not possess . . . a firearm in this Commonwealth"). As Attorney Greenspan correctly argues, the decision to identify the firearm conviction as the reason for its decision concerning denial of credit for time at liberty on parole is within the parameters of the Board's discretion and is certainly not unwarranted considering that Petitioner's original conviction was for robbery.

Petitioner next argues that the Board abused its discretion by imposing a backtime penalty greater than the sentence imposed by the trial court for the new firearm conviction and greater than the appropriate recommitment range under 204 Pa. Code § 311.6. Petitioner's conviction for possession of a firearm by person not to possess (loaded/ammunition available; previous conviction) under Section 6105(a)(1) of the Pennsylvania Uniform Firearms Act of 1995 carries an offense gravity score (OGS) of 18 under the sentencing guidelines. 204 Pa. Code § 303a.9. The recommended recommitment range for a violent offender, which Petitioner was considered because of his previous conviction for robbery,[3] with an OGS of 18, is 36 to 48 months. 204 Pa. Code § 311.6(b) (convicted parole violator recommitment range for violent offender with new conviction). The Board recommitted Petitioner for the 2 years, 20 days left on his original sentence, with a new maximum date of April 14, 2026. *See* Order to Recommit, C.R. at 86, 89. We agree with Attorney Greenspan that so long as the backtime penalty is within the sentencing guidelines,

---

[3] *See* 204 Pa. Code § 311.1 (defining "violent offender"); *see also*, Section 9714(g) of the Judicial Code, 42 Pa.C.S. § 9714(g) (defining "crime of violence").

5

it is not subject to challenge. *Smith v. Pa. Bd. of Prob. and Parole*, 574 A.2d 558, 561 (Pa. 1986). Further, service of backtime relates to the original sentence from which an offender was paroled and is unrelated to any sentence required for a conviction on other criminal charges. *See Martin v. Pa. Bd. of Prob. and Parole*, 840 A.2d 299, 303 (Pa. 2003).

In light of the foregoing, we grant Attorney Greenspan's application to withdraw as counsel and dismiss Petitioner's petition for review.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quran Cooper,              :

              Petitioner       :

              :

        v.               :     No. 1264 C.D. 2024

              :

Pennsylvania Parole Board,     :

              Respondent     :

## O R D E R

AND NOW, this 8th day of January, 2026, Montgomery County Assistant Public Defender Dana E. Greenspan, Esquire's Application to Withdraw as Counsel is GRANTED, and Petitioner Quran Cooper's Petition for Review is DISMISSED.

<br>

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita